[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the plaintiff seeks to recover damages for injuries allegedly sustained as a result of a fall upon a wet and slippery floor at a supermarket operated by the defendant on Villa Avenue, Fairfield, Connecticut on August 9, 1991. It is the plaintiff's claim that on August 9, 1991 it had been raining lightly for a period of time before he entered the defendant's Stop Shop store at about noon. He had gotten into the store's front entrance and at a point near the vegetable counter for some reason he was suddenly caused to slip and fall. He felt wetness on his hand and trousers and noted the floor was wet. He saw no signs warning of a wet floor nor were there mats on the floor where he fell. Seconds after he fell another patron came into the store and fell in the same area. As a result of the fall he felt discomfort in his hand. At a walk-in facility, Immediate Health Care (Plaintiff's Exh. 1) the medical personnel found a mild low back tenderness and diagnosed a contusion of the right buttock. When his symptoms persisted he came under the care of a chiropractic physician, Dr. Frank Forte, who rendered treatment for leg and back discomfort over a period from August 13, 1991 to February 26, 1996, consisting of probably in excess of 75 visits with his total charges being $7,890.00. In addition, the plaintiff was examined by Arthur M. Seigel, M.D., a neurologist on several occasions with his bill being $680.00. (Plaintiff's Exh. 5) Other examinations were performed at Bridgeport Hospital, $323.49 (Plaintiff's Exh. 6), Milford Hospital, $112.60 (Plaintiff's Exh. 3), and Milford Hospital $205.00 (Plaintiff's Exhibit 4). Dr. Forte's records indicate that in his opinion the plaintiff has sustained a permanent injury to the lumbar spine of 20 percent and in all likelihood will require future treatment for the condition. Dr. Seigel concludes in his report of February 9, 1993 that the plaintiff has sustained a 10 percent permanent partial injury to the lumbar spine, both physicians attributing his complaints to his fall on the defendant's premises. It was stipulated by counsel that the plaintiff has a life expectancy of CT Page 5114-UUU 24.3 years.
In addition, the plaintiff claims a loss of earnings due to the accident but there was not presented to the court any information or documentation sufficient to permit the court to consider a loss of earnings claim without resort to speculation and surmise. The plaintiff himself was uncertain as to his losses because for example, the records of his business in Tokyo are kept in Japanese and he doesn't read Japanese. Also his businesses in Connecticut suffered reverses independent of any connection with his injuries so the court cannot conclude that any wage or income loss can be established with any sufficient degree of certainty.
As far as the injury is concerned while the plaintiff's doctors have afforded the plaintiff a permanent injury of from10-20 percent the plaintiff was examined by a physician on behalf of the defendant, Dr. Myron Shafer, on February 4, 1996 (Defendant's Exh. 2) and this orthopedic specialist concluded that the plaintiff's permanent injury was a minimal one at 5 percent. He also noted, after a review of the plaintiff's medical reports, that a substantial portion of the chiropractic treatment in his opinion was simply to ease discomfort and did not serve to advance the plaintiff's cure.
The court also notes that when the plaintiff went to Japan for extended periods to tend to his business in that area he sought no treatment at all, either palliative or remedial.
The plaintiff offered evidence of the defendant's practice of putting mats in place in the area of the front entrance when the floor became wet as well as warning signs when the occasion demanded. The incident report (Plaintiff's Exh. 7) prepared as a result of the plaintiff's fall supports the plaintiff's claim that he slipped on a wet floor after walking off the mat at the entrance. The plaintiff fell at 2:00 p. m. on August 9, 1991 and the area was last cleaned prior to this at 1:30 p. m. The report also noted that when it was raining outside the cleaning was constant. The plaintiff, however, noticed no one around where he fell except the other person who fell in the same area about 45 seconds after he fell. This individual proved to be the witness Joseph Santo who testified that he also slipped and fell when he stepped off the mat placed at the entrance. Both of these witnesses testified that it had been raining that day prior to this incident and this is confirmed by Plaintiff's Exhibit 11, CT Page 5114-VVV the U.S. Department of Commerce weather report for Bridgeport area in which was noted that it had been raining for the better part of the day.
The plaintiff claims, inter alia, that the defendant was negligent in not maintaining the floor in the area of the front entrance in reasonably safe condition by allowing it to be and remain in a slippery condition; that they failed to give the plaintiff sufficient warning of the condition so he could avoid injury to himself and this negligence resulted in the injuries and damages originally sustained by him as alleged in the complaint.
The defendant denies that any condition existed at this location of its premises as claimed and that any injuries or damages sustained by the plaintiff were due to his own neglect by not looking where he was walking and not exercising reasonable care for his own well being and safety.
From the evidence adduced at the trial the court finds that rainwater had been tracked into the store as a result of the customers coming in from outside. The defendant was aware of this condition, or reasonably should have been aware that this would occur during inclement weather by reason of the heavy traffic from the thousands of daily patrons entering the premises.
In the event of rain the defendant's regulations provided for prompt deployment of mats to provide a more secure and dry surface to promote safe pedestrian movement. (see Plaintiff's Exh. 14 — Safety Training Manual.)
From the evidence before it the court concludes that the store employees had or reasonably should have had notice of the wet condition of the parking lot and that such moisture would be continuously tracked into the store and onto the floor with the potential of creating a slippery condition. With the number of customers entering the store at this entrance reasonable care required close supervision to avoid accidents such as described by the plaintiff. The court concludes that the defendant was negligent in failing to maintain the premises in a reasonably safe condition and that the plaintiff himself was negligent and not more closely observing where he was walking so that he might avoid traversing the area of the wet floor or exercise a greater degree of caution in so doing. CT Page 5114-WWW
The court finds that the plaintiff has sustained the following damages as a proximate result of his fall upon the defendant's premises:
I Economic Damages
 Immediate Health Care $ 129.00 Milford Hospital 8/13/91 112.00 Milford Hospital 9/5/91 205.00 Arthur Siegel M.D. 1,680.00 Bridgeport Hospital 323.00 Forte Chiropractic 3,945.00 -------- TOTAL $6,294.00
The court does not find the bill of Forte Chiropractic (Plaintiff's Exh. 8 — $7,890.00) in its entirety to be an item of special damages reasonably incurred by the plaintiff in the treatment of his injury and has adjusted it accordingly. Also the court has no evidence before it upon which to base any reasonably certain amount for future economic damages by way of any continued medical treatment
II Non-economic Damages
The court finds that the plaintiff with a life expectancy of 24.3 years has sustained an injury resulting in a permanent partial disability and for this finds that the plaintiff has sustained damages in the amount of twenty thousand dollars ($20,000.00).
The court further finds the plaintiff to be 30 percent responsible for his own injury.
Accordingly, the damages awarded to the plaintiff are calculated to be —
Economic Damages $ 6,294.00
Non-Economic Damages 20,000.00
TOTAL DAMAGES $ 26,294.00
Less 30 percent 7,878.20
CT Page 5114-XXX
Net Damages Sustained $ 18,416.80
Judgment may enter accordingly.
George W. Ripley, Judge